

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2003

# Arroyo v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2177

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Arroyo v. Comm Social Security" (2003). *2003 Decisions.* Paper 50.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/50

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2177

GILBERTO ARROYO,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-00055)
District Judge:  Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2003

Before:  RENDELL, BARRY and MAGILL*, Circuit Judges.

(Filed:  December 17, 2003)

OPINION OF THE COURT

RENDELL, Circuit Judge.

    Gilberto Arroyo challenges a final order of the District Court, which affirmed the

_____

*Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") prior to February 1, 1997. The District Court had jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Our jurisdiction to entertain this appeal arises under 28 U.S.C. § 1291. We will affirm.

As we write exclusively for the parties, we recite only those facts relevant to the issues before us. Arroyo filed applications for disability insurance and SSI benefits in January of 1995, alleging disability as of August 30, 1992. These applications were denied initially and upon reconsideration. Arroyo filed a request for a *de novo* hearing before an Administrative Law Judge ("ALJ"). The ALJ decided that Arroyo was disabled as of February 1, 1997, but not disabled prior to that date. Arroyo sought review before the Appeals Council, which denied his request for review. He then appealed to the District Court, which affirmed the decision. This appeal followed.

We apply the same deferential standard as the District Court, that is, whether the ALJ's finding are supported by "substantial evidence." Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 431 (3d Cir. 1999); 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). It is "less than a preponderance of the evidence, but more than a mere scintilla." Jesurum v. Secretary of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). In making this determination,

we consider the record as a whole.  Schaudeck, 181 F.3d at 431.

In order to qualify for DIB or SSI, a person must be disabled as that term is defined by the Social Security Act and accompanying regulations.  Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).  Disability is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A) (2002).   In evaluating Arroyo's claim for benefits, the ALJ applied the familiar five-step analysis.  At step one, the ALJ found that Arroyo had not been employed since August 30, 1992.  At steps two and three, the ALJ determined that Arroyo's spinal disorder and his mental disability were severe impairments, but that they did not meet or equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 ("Listing of Impairments").  20 C.F.R. § § 416.920(d), 404.1520(d).  Moving on to step four, the ALJ found that prior to February 1, 1997, Arroyo maintained the residual functional capacity to perform past relevant work as a dishwasher or a mechanic's assistant.  However, after that date, the ALJ determined that Arroyo was limited to "sedentary work" due to a documented increase in the severity of his impairments, and thus "disabled" within the meaning of the Act.

On appeal, Arroyo argues that the ALJ's finding of non-disability prior to February 1, 1997 is not supported by substantial evidence because: (1) the ALJ failed to consider

3

whether the combination of his impairments was medically equivalent to a listed impairment as required by 20 C.F.R. § 404.1526(a); (2) the ALJ rejected, without adequate explanation, portions of the evidence that contradicted the finding of non-disability prior to February 1, 1997, in violation of the guidelines set forth in Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981); (3) the ALJ erred in concluding that Arroyo's work as a dishwasher and a mechanic's assistant could be considered past relevant work; and (4) the ALJ ignored Arroyo's subjective complaints of pain and the corroborative testimony of a witness. Because we find that the ALJ's denial of benefits is supported by substantial evidence, we will affirm the judgment of the District Court.

First, Arroyo contends that the ALJ failed to consider whether the combination of his impairments was medically equivalent to a listed impairment as required by 20 C.F.R. § 404.1526(a). However, we note that the ALJ explicitly stated that "it [had] not [been] shown that the claimant has any … combination of impairments which, when considered in conjunction with the orthopaedic and mental difficulties noted above, is medically equivalent to any listed impairment." Based upon our review of the record, we cannot say that the ALJ's conclusion was not based on substantial evidence.

Second, Arroyo argues that the ALJ rejected, without adequate explanation, portions of the evidence that contradicted the finding of non-disability prior to February 1, 1997, in violation of the guideline set forth in Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981). Specifically, Arroyo contends that the ALJ failed to consider the November 1990

4

report of Dr. Paul J. Kiell, which stated that Arroyo suffered "sciatic neuropathy … with permanent neurologic disability estimated at 20 percent of total." However, while it is true that the ALJ did not address Dr. Kiell's report by name, he did acknowledge Arroyo's problems, note the absence of appropriate neurological findings and discuss the lack of any evidence indicating sensory loss, reflex loss or motor loss. As a result, the ALJ did not fail Cotter's requirement that "an examiner's findings [] be as comprehensive and analytical as feasible and, where appropriate, [] include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." Id. at 705. The ALJ's discussion was adequate in light of the other documentary evidence, and his conclusion was supported by substantial evidence.

Third, Arroyo contends that the ALJ erred in concluding that Arroyo's work as a dishwasher and a mechanic's assistant could be considered past relevant work. "Past relevant work" includes any "work experience [which] … was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). While Arroyo concedes that he worked as both a dishwasher and a mechanic's assistant within the last 15 years, he argues that they cannot be considered substantial gainful activity because he only worked at these positions part-time and for very low pay. However, "work may be substantial even if it is done on a part-time basis," and "work activity is gainful if it is the kind of work usually done for

5

pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(a)-(b). Thus, the ALJ did not err in concluding that Arroyo's work as a dishwasher and a mechanic's assistant could be considered past relevant work. Furthermore, our review of the record indicates that the ALJ had ample evidence from which to conclude that Arroyo had the residual functional capacity to perform this past relevant work prior to February 1, 1997.

Fourth, Arroyo contends that the ALJ ignored Arroyo's subjective complaints of pain and the corroborative testimony of a witness. While an ALJ should consider an applicant's subjective complaints, Smith v. Califano, 637 F.2d 968 (3d Cir. 1981), the applicant bears the burden of producing medical evidence to support those complaints. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992), cert. denied 507 U.S. 924 (1993). Our review of the record indicates that Arroyo largely failed to supply much in the way of supporting medical evidence. Thus, the ALJ's conclusion that Arroyo's subjective complaints of pain were "not credible" in light of the evidence is supported by substantial evidence.

For the above reasons, we will affirm.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/  Marjorie O. Rendell
Circuit Judge